### No. 521
### STATE v. LUTZ
Ohio Appeals, 2nd Dist., Montgomery County
No. 607. Decided June 21, 1924

**297. CONTRACTS** — Sanitary Engineer's compensation for preparing plans and supervising construction work under contract with County Commissioners held illegal—Employment is subject to statute—Allowance for assistants may be made.

ALLREAD, J.            Epitomized Opinion
Published Only In Ohio Law Abstract

Mandamus to compel the County Auditor to issue a warrant to the relator for $6,262.8 for services as sanitary engineer for Montgomery county performed under employment by the County Commissioners. Allen was employed as sanitary engineer for the institution of a sewerage district to be paid on a basis of 3½% of the estimated cost of the work for preparing the plans and supervising the construction. The employment was made under 6602-1 GC. Subsequent to the employment in 1923 a statute was enacted and became effective July 29, providing that the maximum compensation received by a sanitary engineer should not exceed the compensation received by the County Auditor. Allen had been paid for services rendered since the amended act an amount equal to the salary of the County Auditor. He contends that the additional amount due him is for services rendered under a contract made prior to the statute of 1923. In dismissing the petition the court held:

1. Public contracts, like the one under consideration, depend upon statutory authority and to be valid must conform to the statute. The failure of the Commissioners to fix a definite time of service and a definite term renders the contract illegal.

2. There being no definite contract of employment legally made by the Commissioners, the employment was subject to the statutory amendment of June 29, 1923.

3. There is nothing to prevent allowance being made under the statute for assistants to the sanitary engineer.

Attorneys—McCann & Whalen, for Allen; A. H. Scharret, Pros. Ttty., and R. E. Hoskott, Asst., for State; all of Dayton.

## SUPERIOR COURT

### No. 522
### SEFTON v. THE PREMIER SERVICE CO.
Superior Court of Cincinnati
No. 58819. Decided April 2, 1924

**225. CHARGE TO JURY—In** giving a special request, the court can change a word or so if necessary in order to make the request better, although the original correctly states the law.

MARX, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action for personal injury brought by Edith Sefton. At the close of the trial the defendant requested the following special charge: "The court charges you that the plaintiff cannot recover if you find that she was guilty of negligence that directly contributed in the slightest degree to the injury sustained." The court refused to give the charge requested by the defendant and gave instead the same charge substituting the word "any" in place of the word "slightest." In so doing the court held:

1. As it is the duty of the court to give the jury the best instructions upon the subject rather than the worst, no error was committed by the court in substituting the word "any" for the word "slightest."

Attorneys—Amos Foster, for Sefton; De Camp, Sutphin & Brumleve, for Service Co.; all of Cincinnati.